06/23/04
Sky

UNITED STATES

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

v.                                                    CRIMINAL NO.: 04-CR-10023

BRUCE TASSONE

## SUPPLEMENTAL SENTENCING MEMORANDUM

Now comes the undersigned counsel and respectfully asks the Court to consider the following Blakely related issues as they may apply to the sentence imposed on the defendant in 2004. The defendant is the subject of several sentencing guideline enhancements that are referenced in both a plea agreement and the pre-sentence report. The information in this case made no specific allegation of any of these aggravating role adjustments. The defendant respectfully asks that the Court consider what impact if any the Supreme Court's recent <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) decision has on the following different issues before the Court.

### THE DEFENDANT'S PLEA AGREEMENT

The defendant entered into a plea agreement in this case on January 28, 2004 at the time of his guilty plea to the pending information. The information charging him with wire fraud was again something the defendant agreed to in advance of the January 28, 2004 guilty plea hearing.

The statement of facts provided by the United States Attorney's Office references criminal activity by the defendant on diverse dates in 2002 and 2003. The charged conduct from the information relates to a scheme that the defendant engaged in when

he sent sums of money to a construction company bank account in Florida and used they money for his own purposes. This total loss is specified in the information and the defendant factually agreed to it at the time he plead guilty.

At the time the defendant entered into this plea agreement and agreed to certain provisions of the plea agreement and pleaded guilty to this information, the principles set forth in Blakely were unknown to the parties and the Court. The defendant could not have known at the time he entered into this plea agreement of certain constitutional rights that the Supreme Court now views as directly related to the sentencing guidelines.

The Blakely decision further confirmed that guideline maximums constitute the functional equivalent of statutory maximums for purposes of an Apprendi analysis. Therefore, the defendant through counsel seeks to protect his rights being in a position where he could not possibly have known of the recent developments in case law. Furthermore he suggests that if Blakely applies here, his sentence should not be more that the statutory maximum of the Guideline Offense level he would receive should certain enhancements not be adopted by the Court at sentencing. Specifically Tassone did not factually admit in his Rule 11 hearing to the supervisory role adjustment. Likewise, he did not admit factually to 3C1.1 adjustment for using sophisticated means. The following are enhancements attributed to the defendant in the pre-sentence report.

**Adjustment in his base offense level for total loss**

Pursuant to the plea agreement, the defendant's base offense level has been increased from level six to level twenty as a result of the total loss attributed to him for money he sent to JRB Construction.

**Adjustment for a Supervisory Role**

The defendant agreed to a supervisory role in the plea agreement. His supposed supervisory role was due to his dealings with another target in this investigation, Jeffrey Bleau. This role was not referenced in the information.

**Adjustment for utilizing sophisticated means in the commission of the offense**

The defendant agreed in the plea agreement to a two-level adjustment pursuant to 3C1.1 for his supposed use of sophisticated means in funneling money from Bright Horizons to the JRB Construction Company bank account. This enhancement was not referenced in the information.

**Probation department in its initial pre-sentence report**

The Probation Department in its initial pre-sentence report has attributed a two-level increase under § 3B1.3 for abuse of position of trust. This enhancement was not referenced in either the pre-sentence report or the plea agreement.

**CONCLUSION**

The undersigned suggests that the Court can address these issues because of the recent developments in sentencing law. Several of these enhancements were referenced in the plea agreement before the Court. The supervisory role (3B1.1.), the sophisticated mean (3C1.1), and the abuse of trust position (3B1.3) were not referenced in this

information and the defendant did not specifically admit to these facts at the time of his plea. With recent developments such as <u>Blakely</u>, the undersigned believes that these matters can be addressed by the Court without disturbing the guilty plea or plea agreement.

<u>August 20, 2004</u>
Date

Respectfully submitted,
BRUCE TASSONE,
By his lawyer,

_/s/_

WILLIAM KEEFE
BBO # 556817
390 Centre Street
Jamaica Plain, Massachusetts
Telephone: (617) 983-9200
Facsimile Transmission: (617) 983-0733

**CERTIFICATE OF SERVICE**

I, _William Keefe_, hereby certify that this _20_ day of _August_ of _2004_, I caused copies of the enclosed pleadings to be served on _John Mitchell_ in hand / by mail / via courier

4